UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRICKLAYERS AND ALLIED CRAFTWORKERS
LOCAL 2, ALBANY, NEW YORK PENSION FUND, by its
Administrator, Stephen J. O'Sick; BRICKLAYERS AND
ALLIED CRAFTWORKERS LOCAL 2, ALBANY, NEW
YORK HEALTH BENEFIT FUND, by its Administrator,
Stephen J. O'Sick; BRICKLAYERS AND ALLIED
CRAFTSMAN LOCAL 2 ANNUITY FUND, by its
Administrator, Stephen J. O'Sick; BRICKLAYERS AND
ALLIED CRAFTWORKERS LOCAL 2, ALBANY, NEW
YORK EDUCATION & TRAINING FUND, by its Trustees,
Robert Mantello, Pasquale Tirino, Luke Renna, Michael
Suprenant, J.D. Gilbert, Thomas Marinello, Todd Helfrich and
Laura Regan; BRICKLAYERS AND TROWEL TRADES
INT'L PENSION FUND, by David Stupar, Executive Director;
and BRICKLAYERS AND ALLIED CRAFTWORKERS
LOCAL 2, ALBANY, NEW YORK, AFL-CIO, by Robert
Mantello, President,

      Plaintiffs,        1:15-CV-0582
                 (GTS/DEP)
v.

WIETECHA ENTERPRISES, INC., d/b/a Industrial
Surfaces; INDUSTRIAL SERVICES, INC.; and HENRY
A. WIETECHA, Individually and as an Officer of Wietecha
Enterprises, Inc., d/b/a Industrial Surfaces, and Industrial
Surfaces, Inc.,

      Defendants.
_____

APPEARANCES:             OF COUNSEL:

BLITMAN & KING            JENNIFER A. CLARK, ESQ.
 Counsel for Plaintiffs
443 North Franklin Street
Syracuse, NY 13204

HENRY A. WIETECHA
 Defendant, *Pro Se*
39 Brickley Drive
Albany, NY 12212

GLENN T. SUDDABY, Chief United States District Judge

**DECISION and ORDER**

Currently pending before the Court, in this civil action filed by the six above-captioned entities ("Plaintiffs") against the three above-captioned entities and individuals ("Defendants"), is Plaintiffs' motion seeking a final judgment on their four causes of action pursuant to Fed. R. Civ. P. 54(b) and for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Dkt. No. 47.) For the reasons stated below, Plaintiffs' motion is granted.

I.   **RELEVANT BACKGROUND**

   A.   **Plaintiffs' Complaint**

Liberally construed, Plaintiffs' Complaint asserts the following four claims against Defendants: (1) a claim that Defendants Wietecha Enterprises, Inc., and Industrial Services, Inc., ("Defendant Corporations") have violated certain terms of the policies that make up the parties' Collective Bargaining Agreement ("CBA") and a request that they be required to produce their books and records from October 2008 to the present for Plaintiffs' review and audit and to pay the expenses incurred in obtaining that audit; (2) a claim that Defendant Henry Wietecha breached his fiduciary duty by wrongfully diverting and/or converting assets belonging to Plaintiff Funds and is liable to Plaintiffs in the amount of $129,938.83;[1] (3) a claim that Defendant Corporations failed to timely remit contributions to the Plaintiff Funds and are liable to Plaintiffs in the amount of $202,461.54;[2] and (4) a claim that Defendants be permanently

---

[1] This amount consists of the following charges: (1) $80,330.02 in contributions; (2) $12,385.66 in interest; (3) $27,081.00 in audit fees; and (4) $10,142.15 in attorneys' fees and costs for the time period of February 23, 2015, through February 15, 2017. (Dkt. No. 47, Attach. 2, ¶ 27 [Clark Aff.].)

[2] This amount consists of the following charges: (1) $101,432.60 in contributions and deductions; (2) $34,716.00 in interest; (3) $29,089.79 in liquidated damages; (4) $27,081.00 in audit fees; and (5) $10,142.15 in attorneys' fees and costs for the time period of February 23, 2015, through February 15, 2017. (Dkt. No. 47, Attach. 2, ¶ 26 [Clark Aff.].)

enjoined from further violations of the Employee Retirement Income Security Act ("ERISA"), the Labor-Management Relations Act of 1947 ("LMRA"), and the terms of the agreement, trusts, and collection policies that are part of the parties' CBA. (*See generally* Dkt. No. 1.)

### B. Plaintiffs' Service of Their Complaint and Defendants' Failure to Answer

On May 22, 2015, Plaintiffs served their Complaint on Defendants. (Dkt. Nos. 5-8.) As of the date of this Decision and Order, Defendants have not filed an Answer to that Complaint. (*See generally* Docket Sheet.)

### C. Clerk's Office's Entry of Default and Defendants' Failure to Cure

On June 22, 2015, Plaintiffs filed a request for a Clerk's entry of default. (Dkt. No. 10.) On June 25, 2015, the Clerk of the Court entered default against Defendants, pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 12.) As of the date of this Decision and Order, Defendants have not attempted to cure that entry of default. (*See generally* Docket Sheet.)

### D. Plaintiffs' Motion for Default Judgment and Defendants' Non-Response

On March 1, 2017, Plaintiffs filed a motion for default judgment against Defendants pursuant to Fed. R. Civ. P. 55(b)(2). (Dkt. No. 47.) As of the date of this Decision and Order, Defendants have filed no response to that motion. (*See generally* Docket Sheet.)

Generally, in support of their motion for default judgment, Plaintiffs assert the following four arguments: (1) a final judgment pursuant to Fed. R. Civ. P. 54 is necessary because (a) Defendants' violation of their obligations has reduced the corpus of Plaintiffs and their income, and (b) any delay in allowing Plaintiffs to enforce their claim against Defendants and to collect the debt may result in the debt becoming uncollectible; (2) Plaintiffs are entitled to a judgment against Defendant Corporations in the amount of $202,461.54 under ERISA and the LMRA

because (a) by virtue of their default, Defendant Corporations have admitted the truth of the allegations contained in Plaintiffs' Complaint, and (b) an audit and related evidence demonstrates that Defendant Corporations owe $101,432.60 in contributions and deductions for the time period of April 2009 through January 2016, $37,716.00 in interest through March 1, 2017, $29,089.79 in liquidated damages, $27,081.00 in audit fees through January 17, 2017, and $10,142.15 in attorneys' fees and costs through February 15, 2017; (3) Plaintiffs are entitled to a judgment against Defendant Henry Wietecha in the amount of $129,938.83 because (a) by withholding the contributions and/or trust assets from Plaintiffs, Wietecha breached his fiduciary duty to Plaintiffs and he is therefore personally liable for the contribution debt in the amount of $80,330.02, (b) as a result of Wietecha's failure to fulfill his fiduciary duty, he is liable for $12,385.66 in lost investment income based upon Plaintiffs' consolidated rate of return on investments for each year from 2009 through 2016, and (c) under 29 U.S.C. § 1132(g)(2), Wietecha is liable for $10,142.15 in attorneys' fees and costs incurred through February 15, 2017, and for $27,081.00 in audit fees incurred through January 17, 2017; and (4) Plaintiffs are entitled to an Order directing Defendants to produce their books and records for an audit. (Dkt. No. 47, Attach. 1 [Pls.' Mem. of Law].) Familiarity with the particular grounds for Plaintiffs' motion for default judgment against Defendants is assumed in this Decision and Order, which is intended primarily for review of the parties.

## II.    RELEVANT LEGAL STANDARDS

### 1.    Legal Standard Governing Motions for Default Judgment

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party

fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc*., 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc*., 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]). This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

### 2. Legal Standard Governing Motions for a Final Judgment Pursuant to Fed. R. Civ. P. 54(b)

"In general, there is a 'historic federal policy against piecemeal appeals.'" *Novick v. AXA Network, LLC,* 642 F.3d 304, 310 (2d Cir. 2011) (quoting *Curtiss-Wright Corp. v. Gen. Electric Co.*, 446 U.S. 1, 8 [1980]). "Thus, in the federal district courts, the entry of a final judgment is generally appropriate 'only after all claims have been adjudicated.'" *Novick*, 642 F.3d at 310 (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 [2d Cir. 1991]). However, Fed. R. Civ. P. 54(b) provides an exception to this general principle:

> When an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). Accordingly, for there to be a final judgment under Rule 54, "(1) multiple claims or multiple parties must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make 'an express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment." *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992). "The requirement that the district court make an express determination 'that there is no just reason for delay,' . . . means that the court must provide a 'reasoned,' even if brief, 'explanation' of its considerations[.]" *Novick*, 642 F.3d at 310.

"To be appropriate, a Rule 54(b) certification must take account of both the policy against piecemeal appeals and the equities between or among the parties." *Id.* "It [is] therefore proper for the District Judge . . . to consider such factors as whether the claims under review

[are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8. The Second Circuit has held that "a district court may properly make a finding that there is 'no just reason for delay' only when 'there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal[.]'" *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (quoting *Cullen v. Margiotta*, 811 F.2d 698, 711 [2d Cir. 1987]). One example of such hardship or injustice is "where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims [.]" *Advanced Magnetics*, 106 F.3d at 16 (citation and quotation marks omitted). The Second Circuit has cautioned that "the court's power under Rule 54(b) to enter a final judgment before an entire case is concluded should be exercised 'sparingly[.]'" *Id.*

## III.   ANALYSIS

### A.   Liability

After carefully considering Plaintiffs' unopposed motion, the Court is satisfied that Plaintiffs have met their modest threshold burden of establishing entitlement to default judgment against Defendants on the issue of liability, under the circumstances.[3] The Court notes that Plaintiffs' motion would survive even the heightened scrutiny appropriate on a contested motion.

---

[3] In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).

For example, for the reasons stated above in Part I of this Decision and Order, the Court finds that due notice of this action has been given to Defendants. However, no Answer has been filed and no one has appeared on behalf of Defendants. In addition, the Clerk has already entered default against Defendants, and Plaintiffs have served Defendants with their motion for the issuance of default judgment. However, Defendants have still neither responded to the motion nor appeared in this action. Finally, the Court finds that the factual allegations of the Plaintiffs' Complaint are sufficient to state a claim upon which relief can be granted. *See W.A.W. Van Limburg Stirum et al. v. Whalen et al.*, 90-CV-1279, 1993 WL 241464, at *4 (N.D.N.Y. June 29, 1993) (Munson, J.) (holding that, "[b]efore judgment can be entered, the court must determine whether plaintiff's factual allegations are sufficient to state a claim for relief . . . the court may exercise its discretion to require some proof of the facts that must be established in order to determine liability").

For each of these alternative reasons, the Court grants Plaintiffs' motion for the issuance of default judgment on the issue of liability pursuant to Fed. R. Civ. P. 55(b).

**B.     Final Judgment Pursuant to Rule 54(b)**

The Court finds that Plaintiffs are entitled to a final judgment on their four causes of action for the reasons stated in their memorandum of law. (Dkt. No. 47, Attach. 1, at 4-6 [Pls.' Mem. of Law].)[4] Specifically, Plaintiffs argue that a final judgment is necessary because (a) Defendants' violation of their obligations has reduced the corpus of Plaintiffs as well as their income, and (b) a delay in allowing Plaintiffs to enforce their claim against Defendants and to collect the debt may result in the debt becoming uncollectible. (*Id.* at 5.) The Court finds that

---

    [4]     Page citations refer to the page numbers used on CM/ECF rather than the actual page numbers contained in Plaintiffs' memorandum of law.

these reasons sufficiently demonstrate that there is "no just reason for delay." *See Oswego Laborers' Local 212 Pension & Annuity Funds v. W. New York Contractors, Inc.*, 08-CV-0484, 2010 WL 2869576, at *2 (N.D.N.Y. July 19, 2010) (Mordue, J.) ("In this case, plaintiffs have shown that there is 'no just reason for delay,' since the corpus and income of plaintiffs' funds have been reduced."); *Pereira v. Cogan*, 275 B.R. 472, 474 (S.D.N.Y. 2002) ("Courts have frequently found no just reason for delay, and entered a Rule 54(b) judgment, when the judgment debtor is insolvent or may become insolvent before the conclusion of judicial proceedings.") (citing cases); *accord Mitchell v. Lyons Prof'l Servs., Inc.*, 727 F. Supp. 2d 116, 120 (E.D.N.Y. 2010).

### C. Damages

After carefully considering Plaintiffs' unopposed motion, the Court is satisfied that Plaintiffs' have met their burden of establishing a valid basis for the damages they seek with regard to money damages and an injunction, under the circumstances. The Court notes that, while a hearing to fix the amount of damages may be conducted,[5] a hearing is not required where the Court has found that there is a basis for the damages specified in the default judgment.[6] Here, the Court has made such a finding.

---

[5] Fed. R. Civ. P. 55(b).

[6] *See Fustok v. ContiCommodity Servs., Inc*., 873 F.2d 38, 40 (2d Cir. 1989) (noting that "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment"); *Tamarin v. Adam Caterers, Inc*., 13 F.3d 51, 54 (2d Cir. 1993) (noting that it is "not necessary for the district court to hold a hearing to fix damages after a default judgment had been entered where the court had 'relied upon detailed affidavits and documentary evidence supplemented by the District Judge's personal knowledge of the record gained during four years involvement with the litigation . . .'"); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991) (concluding that, where district judge was "inundated with affidavits, evidence, and oral presentations" a full evidentiary hearing was not necessary).

For example, in support of their damages request, Plaintiffs have provided, *inter alia*, several affidavits establishing that Defendant Corporations are indebted to Plaintiffs in the amount of $165,238.39. (Dkt. No. 40, Attach. 2, ¶ 15 [Clark Aff.]; Dkt. No. 40, Attach. 6, ¶¶ 29, 30, 32 [Mantello Aff.]; Dkt. No. 40, Attach. 5, ¶¶ 17-18, 20 [Stupar Aff.]; Dkt. No. 40, Attach. 4, ¶¶ 8-12 [Dennis Aff.].) More specifically, this sum consists of $101,432.60 in fringe benefit contributions and deductions, $34,716.00 in interest through March 1, 2017, and $29,089.79 in liquidated damages. (*Id.*)

Furthermore, Plaintiffs' affidavits establish that Defendant Henry Wietecha is indebted to Plaintiffs in the amount of $92,715.68. (Dkt. No. 40, Attach. 2, ¶ 16 [Clark Aff.]; Dkt. No. 40, Attach. 4, ¶¶ 14-15 [Dennis Aff.]; Dkt. No. 40, Attach. 6, ¶¶ 36-37 [Mantello Aff.]; Dkt. No. 40, Attach. 5, ¶¶ 25-26 [Stupar Aff.].) More specifically, this sum consists of $80,330.02 in fringe benefit contributions and $12,385.66 in interest. (*Id.*)

Finally, Plaintiffs' counsel's affidavit establishes that all Defendants are jointly and severally indebted to Plaintiffs for attorneys' fees and costs as well as for audit fees. (Dkt. No. 47, Attach. 2, ¶¶ 17-24 [Clark Aff.].) Although Plaintiffs request reimbursement for their attorneys' work at an hourly rate of $282 and $154 for paralegal work, this Court recently found that an hourly rate of $210 to be more appropriate under the circumstances for the work completed by Plaintiffs' counsel and $80 per hour for paralegal work. *Bricklayers & Allied Craftworkers Local 2 v. N.E. Speciality Sys., Inc.*, 16-CV-0610, 2017 WL 3731925, at *4 n.9 (N.D.N.Y. Aug. 30, 2017) (Suddaby, C.J.). Therefore, the Court finds that an award of $6,631.27 in attorneys' fees and costs is appropriate. This amount consists of $4,294.50 for 20.45 hours billed by Attorney Clark, $2,185.60 for 27.32 hours billed in paralegal work,

$1,128.17 in costs and disbursements, and a deduction of $977.00 for attorneys' fees previously awarded by Magistrate Judge Peebles. (Dkt. No. 34) (Dkt. No. 47, Attach. 2, ¶ 24 [Clark Aff.] [stating that "Plaintiffs have given credit to Defendants for that $977.00 judgment"].)

For all of these reasons, the Court concludes that Plaintiffs have met their burden of establishing a valid basis for the damages, and that default judgment against Defendants is appropriate.[7]

**ACCORDINGLY**, it is

**ORDERED** that, Plaintiffs' motion for default judgment against Defendants (Dkt. No. 47) is **GRANTED**; and it is further

**ORDERED** that, in accordance with 29 U.S.C. § 1132(g)(2) and 29 U.S.C. § 1145, judgment be entered herein by the Clerk of the Court in favor of Plaintiffs and against Defendants Wietecha Enterprises, Inc., and Industrial Services, Inc., for the sum of $192,319.39[8] in fringe benefit contributions, deductions, pre-judgment interest, liquidated damages, and audit fees, plus post-judgment interest thereon from March 1, 2017, in accordance with 28 U.S.C. § 1961(a) in accordance with 28 U.S.C. § 1961(a); and it is further

**ORDERED** that, in accordance with 29 U.S.C. § 1109 and 29 U.S.C. § 1132(g)(1), judgment be entered herein by the Clerk of the Court in favor of Plaintiffs and against Defendant

---

[7] *See Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *3-4 (finding, in an unopposed motion for default judgment based on an ERISA claim, that plaintiffs were entitled to unpaid contributions, interest on unpaid contributions, liquidated damages, and audit fees in amounts that plaintiffs claimed they were entitled to pursuant to the parties' agreement and/or 29 U.S.C. § 1132[g][2][C]).

[8] This amount consists of $101,432.60 in contributions and deductions for the period of April 2009 through January 2016, $34,716.00 in interest through March 1, 2017, $29,089.79 in liquidated damages, and $27,081.00 in audit fees through January 17, 2017.

Henry A. Wietecha for the sum of $119,796.68[9] in fringe benefit contributions, pre-judgment interest, and audit fees, plus post-judgment interest thereon from March 1, 2017, in accordance with 28 U.S.C. § 1961(a); and it is further

**ORDERED** that judgment be entered herein by the Clerk of the Court in favor of Plaintiffs and against all Defendants for the sum of $6,626.27 in attorneys fees and costs; and it is further

**ORDERED** that Defendants be required to produce their books and records for the period of February 1, 2016, to date for Plaintiffs' review and audit, to pay for the cost and expense of any such audit, and (if the services of attorneys and paralegals are necessary to obtain the audit) to pay all reasonable attorneys' and paralegal fees and costs incurred to obtain that audit.

Date:   November 30, 2017
        Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[9] This amount consists of $80,300.02 in contributions, $12,385.66 in interest, and $27,081.00 in audit fees.